# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**JOHNNY R. NELSON (#100867)**                                    **CIVIL ACTION**

**VERSUS**

**STATE OF LOUISIANA**                                            **NO. 16-0024-JWD-EWD**

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 25, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JOHNNY R. NELSON (#100867)**                                    **CIVIL ACTION**

**VERSUS**

**STATE OF LOUISIANA**                                            **NO. 16-0024-JWD-EWD**

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion for Summary Judgment of the State of Louisiana, through the Louisiana Department of Public Safety and Corrections and the Division of Probation and Parole (R. Doc. 10). This Motion is not opposed.

*Pro se* Petitioner, a person convicted of criminal offenses in the State of Louisiana and previously confined within the Middle District of Louisiana, filed this action pursuant to 28 U.S.C. § 2241,[1] complaining that he was wrongly denied a parole release by the Louisiana Parole Board in May 2005, purportedly in violation of his right to due process and because he was found to be ineligible to participate in and complete a drug treatment program that had been imposed as a pre-condition to such release by the Parole Board. Petitioner asserts that he should have been allowed to participate in the referenced drug treatment program and that he therefore should have been

---

1   Although Petitioner's initial application was submitted on a form for the assertion of habeas corpus relief under 28 U.S.C. § 2254, that statute is intended for challenges made to an inmate's criminal conviction or sentence. Section 2241 of Title 28 is the appropriate vehicle to employ to mount a challenge, as here, to the manner in which a criminal conviction or sentence is being carried out. *See Malone v. Warden, Ouachita Parish Corrections Center*, 2014 WL 5780653, *2 (W.D. La. Nov. 5, 2014).

released on parole supervision at that time.[2]

The State of Louisiana moves for summary judgment relying upon the pleadings and a Statement of Undisputed Facts, a certified copy of Petitioner's Master Prison Record, and certified copies of proceedings conducted in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, in connection with Petitioner's application for habeas corpus relief before that court in the matter entitled *Johnny Nelson v. Richard Stalder, et al.*, No. 544,668.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an

---

2   Petitioner has since been granted a release on parole supervision and is currently residing in the State of Florida.

element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

Upon a review of the record, it appears that Petitioner was originally convicted of armed robbery in 1983 in the Parish of Orleans, State of Louisiana, and was sentenced to serve 99 years in confinement. He was initially released on parole supervision in 2002 but was then re-arrested in 2004 in connection with an asserted violation of the terms of his supervised release. On March 10, 2005, however, a three-person panel of the Louisiana Parole Board voted to not revoke Petitioner's parole provided that he first attend and complete a drug treatment program, which Petitioner identifies as being the Blue Walter Substance Abuse Treatment Program. *See* R. Doc. 1-1 at p. 11. Although Petitioner then sought to enroll in the Blue Walter Program, prison officials at EHCC allegedly denied him authorization to do so for the purported reason that Petitioner was medically ineligible, allegedly because he was taking prescribed medication (nitroglycerin) for a heart condition. *See id*. at p. 9. According to Petitioner, this was an unreasonable determination because, in his view, neither his medical condition nor the prescribed medication would have interfered with his ability to participate in the drug treatment program. Notwithstanding, because Petitioner was determined to be unable to enroll in the Blue Walter Program, the Parole Board voted on May 26, 2005 to revoke Petitioner's parole, resulting in his

continued confinement at that time. *See id.* at p. 8. Petitioner further contends that he was not provided with appropriate due process during his parole revocation proceedings, including a claim that he was not provided with an attorney, *citing Morrissey v. Brewer*, 408 U.S. 471 (1972).[3]

In response to Petitioner's application, the State of Louisiana contends that Petitioner's habeas corpus claim is not properly before this Court because he has failed to exhaust state court remedies relative thereto. In this regard, under 28 U.S.C. § 2254(b) and (c), a claimant seeking habeas corpus relief in federal court under § 2254 is required to first exhaust his claims by presenting them for review before the courts of the state in which he is confined. Under this statute, the exhaustion requirement is satisfied only when a petitioner's claims have been properly presented to the state's highest court, either on direct review or on post-conviction attack. *Bufalino v. Reno*, 613 F.2d 568, 570 (5th Cir. 1980). As a general rule, federal habeas corpus relief is available on a habeas petition only when all of the claims in the petition have been exhausted through the state courts. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Although 28 U.S.C. § 2241 contains no statutory requirement for exhaustion like that found in 28 U.S.C. § 2254(b), exhaustion of state remedies has also been held to be a necessary prelude to the invocation of § 2241. *See Chargois v. Kent,* 2017 WL 2581026, *2 (W.D. La. May 24, 2017) (citing cases*).*

Based upon the undisputed evidence in the record, the Court concludes that the State's contention is correct. The record reflects that Petitioner filed an application for state habeas corpus relief in June 2006 in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, effectively asserting the same claims that are raised in this proceeding and challenging the

---

3    Upon the revocation of his parole, Petitioner was apparently transferred to the Louisiana State Penitentiary in Angola, Louisiana, where he participated in a separate drug treatment program offered at that facility and where he completed same in January, 2006. *See* R. Doc. 1-1 at p. 10.

denial of his parole based upon his purported ineligibility to participate in the drug treatment program. *See* R. Doc. 10-4 at p. 2. After proceedings were conducted in connection with that application, the state court Commissioner issued a Recommendation on August 1, 2006, concluding that Petitioner's claims should be dismissed, both as untimely and for failure to state a cause of action on substantive grounds. *See id*. at p. 55. On September 12, 2006 the state district court judge accepted the Commissioner's Recommendation and dismissed Petitioner's claims. *See id*. at p. 52. It does not appear that Petitioner thereafter sought further review before either the intermediate appellate court or the Louisiana Supreme Court. As such, it appears clear that Petitioner's claims for federal habeas corpus relief are subject to dismissal because they have not been presented to the state's highest court and, as such, have not been exhausted as required by federal law.

In addition to the foregoing, Petitioner's application may arguably be interpreted as attempting to assert a claim relative to the alleged violation of his constitutional and statutory rights under 42 U.S.C. § 1983, the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("RA"). *See* R. Doc. 1 at p. 19. Specifically, Petitioner asserts that it was improper for prison officials to refuse to allow him to participate in the Blue Walter Drug Treatment Program in 2005 because he asserts that he was fully able to comply with the "demands, classes and other criteria" of the Program notwithstanding that he was taking prescribed medication for a heart condition. *See id*. at p. 20. For the reasons stated below, this claim is also subject to dismissal.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss a federal civil rights action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity

if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.* at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez, supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed.

Applying the foregoing standard, it is clear that Petitioner has failed to state a viable claim against prison officials under § 1983, the ADA or the RA. In the first place, it is well-settled that a prisoner has no clear constitutional right to participate in vocational, educational or other rehabilitative programs while confined. *Burris v. Franklin Parish Detention Center*, 2009 WL 395415 (W.D. La. Jan. 22, 2009), *citing Alberti v. Klevenhagen*, 790 F.2d 1220, 1228 (5th Cir. 1986). Thus, Plaintiff had no constitutional right, as such, to participate in the Blue Walter Program. Further, absent a state-created liberty interest in engaging in the referenced activity, Petitioner cannot complain about its deprivation, and state-created liberty interests are generally limited to impositions that "impose[] atypical and significant hardship on the inmate in relation to

the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). The denial of the privilege of participating in a drug treatment program in prison does not rise to the level of such a deprivation and, thus, does not give rise to a liberty interest which might implicate Petitioner's right to due process under the Fourteenth Amendment.

Further, and more importantly, to the extent that Petitioner is asserting that the denial by prison officials of authorization to participate in the Blue Walter Program constituted discrimination against him by reason of a qualifying disability under the ADA and RA, this claim, as well as Petitioner's constitutional claim under § 1983, is clearly time-barred.[4] In this regard, inasmuch as there is no federal statute of limitations for claims brought pursuant to 42 U.S.C. § 1983, a federal court must borrow the forum state's general personal injury limitations period for such claims. *Owens v. Okure*, 488 U.S. 235 (1989). In Louisiana, the applicable period of limitations is one year. La. Civ. Code Art. 3492. Moreover, under federal law, a cause of action under 42 U.S.C. § 1983 accrues "when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995), *quoting Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455 (5th Cir. 1981). A petitioner need not realize that a legal cause of action exists but must only have knowledge of the facts that support a claim. *Id.*, *citing Harrison v. United States*, 708 F.2d 1023 (5th Cir. 1983). Specifically, "[t]he requisite knowledge that a plaintiff must have to begin the running of the limitations period 'is merely that of 'the facts forming the basis of his cause of action,' ... not that of the existence of the cause of action itself.'" *Vigman v. Community National Bank and Trust Co., supra*.

---

4   Although the limitations defense is an affirmative defense that usually must be raised by an opponent, "the district court may raise the defense *sua sponte* in an action under 28 U.S.C. § 1915." *Pittman v. Conerly*, 405 Fed. Appx. 916, 917 (5th Cir. 2010).

In this case, Petitioner was admittedly aware of the facts pertinent to the instant claims when he was denied participation in the Blue Walter Program in 2005 and when, as a result, his release on parole was revoked by the Parole Board. At that time, Petitioner had in his possession all of the pertinent factual information upon which his potential claims might legally be based. Accordingly, inasmuch as Petitioner waited much longer than a year thereafter before instituting the present litigation in 2016, his claims relative thereto are time-barred.[5]

Finally, in addition to the foregoing, the Court notes that Petitioner has not filed any opposition in response to the State's Motion for Summary Judgment. In the context of a motion for summary judgment, it is well-settled that a party may not rest upon mere allegations or assertions contained in his Petition in opposing a properly supported motion. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 324. Specifically, Rule 56 requires that, in response to such a motion, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* Stated another way, in order to meet his burden of proof, the party opposing a motion for summary judgment "may not sit on its hands, complacently relying" on the pleadings. *Weyant v. Acceptance Insurance Co.*, 917 F.2d 209, 212 (5th Cir. 1990). When a party does not file an opposition to a motion for summary judgment, the Court is

---

5   The Court further notes that there is no indication in the record that Petitioner exhausted available administrative remedies before filing this lawsuit relative to his § 1983, ADA and RA claims as mandated by 42 U.S.C. § 1997e. Under that statute, a prisoner is required to exhaust available administrative remedies at his place of confinement before instituting a lawsuit in federal court relative to prison life. Whereas Petitioner suggests that he was not required to exhaust administrative remedies in connection with his ADA and RA claims, *see* R. Doc. 1 at p. 19, the United States Court of Appeals for the Fifth Circuit has concluded that administrative exhaustion is required in connection with such claims. *See Wiley v. McKellar*, 167 Fed. Appx. 385 (5th Cir. 2006). Accordingly, Petitioner's failure to exhaust administrative remedies provides an independent basis for dismissal of this proceeding.

permitted to consider the evidence presented in support of the motion as undisputed and to grant summary judgment if the facts show that the movant is entitled to judgment in his favor. *See Jegart v. Roman Catholic Church Diocese of Houma - Thibodaux*, 384 Fed. Appx. 398, *2 (5th Cir. 2010). Further, pursuant to Local Rule 56(b) of this Court, Petitioner's failure to oppose the State's Motion for Summary Judgment allows the Court to conclude that all of the facts contained in the Statement of Undisputed Facts are deemed to be admitted. In the instant case, despite notice and an opportunity to appear, Petitioner has not come forward with any opposition to the State's Motion for Summary Judgment or to the documentary evidence produced in support thereof. Accordingly, there is nothing before the Court which tends to dispute the State's assertions regarding Petitioner's claims and his failure to exhaust available state court and administrative remedies. Therefore, based upon Petitioner's failure in this case to oppose the State's motion, failure to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, and failure to produce supporting evidence on his own behalf, the Court concludes that the State's motion is well-taken and that summary judgment is appropriate as a matter of law.

## RECOMMENDATION

It is recommended that the Motion for Summary Judgment of the State of Louisiana, through the Louisiana Department of Public Safety and Corrections and the Division of Probation and Parole (R. Doc. 10) be granted, dismissing Petitioner's claims asserted herein, with prejudice, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on January 25, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**